UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-437-RJC
(3:06-cr-50-RJC-1)

| | | |
|---|---|---|
| ANTONIO NAVARRO HOWIE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon the Government's motion to stay disposition of this collateral proceeding which is filed pursuant to 28 U.S.C. § 2255. (Doc. No. 4). Petitioner is represented by the Federal Defenders of Western North Carolina. Counsel does not object to the Government's Motion. (Id. at 3).

On June 12, 2006, Howie pled guilty to conspiracy to commit Hobbs Act robbery and possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). The presentence report ("PSR") found that Howie's offense of conviction involved a crime of violence. PSR ¶ 26, Case No. 3:06-cr-50-RJC-1 (W.D.N.C. filed Apr. 11, 2013), Doc. No. 121. The PSR also found that Howie had qualifying prior convictions that triggered the career-offender enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.2: (1) a 2002 North Carolina conviction for larceny from the person and; (2) a 2002 North Carolina conviction for selling cocaine. PSR ¶¶ 30, 31.

Based on the career-offender enhancement, Howie faced a guidelines range of 262 to 327 months. PSR ¶ 54. On March 8, 2007, this Court imposed a prison sentence of 238 months (154 months plus 84 months for the mandatory consecutive sentence under 18 U.S.C. § 924(c)).

1

Statement of Reasons, Case No. 3:06-cr-50-RJC-1, Doc. No. 65.

On June 21, 2016, Howie commenced this action by filing a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1). He challenges his § 924(c) conviction and sentence, arguing that in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), conspiracy to commit Hobbs Act robbery does not qualify as a "crime of violence" under § 924(c). In Johnson, the Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act's definition of "crime of violence" violates the Constitution's guarantee of due process; the decision did not address § 924(c)'s definition of "crime of violence." See id. at 2563. Howie also challenges his designation as a career offender under the Sentencing Guidelines, arguing that his prior state convictions do not meet the definition of "crime of violence" under Johnson.

The Government has filed the instant Motion to hold this action in abeyance pending decisions by the Fourth Circuit Court of Appeals in United States v. Ali, No. 15-4433, and United States v. Simms, Fourth Circuit Case No. 15-4640.[1] (Doc. No. 3). In those cases, the Fourth Circuit is considering whether Johnson renders the residual clause of § 924(c) unconstitutionally vague. Ali also involves a conviction for conspiracy to commit a Hobbs Act robbery.

The issues to be decided in Ali and/or Simms may be dispositive of Petitioner's claims for relief under Johnson. In light of these factors, and in the absence of opposition from Howie, the Court finds it is in the interest of judicial economy to grant the Government's Motion to hold

---

[1] The Government also moved to hold this action in abeyance pending the United States Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017). (Doc. No. 3). The Court issued its decision in Beckles on March 6, 2017, rendering the Government's request moot.

this action in abeyance.

**IT IS, THEREFORE, ORDERED** that the Government's motion to hold Howie's § 2255 Motion to Vacate in abeyance (Doc. No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned action is held in abeyance pending the Fourth Circuit's decisions in <u>United States v. Ali</u>, No. 15-4433 and/or <u>United States v. Simms</u>, Fourth Circuit Case No. 15-4640. The Government shall have 60 days from the date of either of these two decisions to file an answer, motion, or other response to Howie's § 2255 Motion to Vacate.

Signed: May 18, 2017

Robert J. Conrad, Jr.
United States District Judge